DORTCH *et al. v.* SOUTHEASTERN FAIR ASSOCIATION *et al.*

No. 11177. JULY 1, 1936.

*Craighead & Craighead, Dwyer & Dwyer,* for plaintiffs.
*Clifford Hendrix, Hendrix & Buchanan, J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendants.

ATKINSON, Justice. The City of Atlanta owned certain realty used as an amusement park called Lakewood. The property was leased to the Southeastern Fair Association (a corporation) for the purpose of conducting each year "a public fair exposition and entertainment," and several amusement enterprises, the rental being upon a percentage basis, all of which should go into maintenance and improvement of the property. An amendment to the charter of the City of Atlanta provided: "Said Mayor and General Council of the City of Atlanta may, at their discretion, acting jointly with the Southeastern Fair Association, or separately, as may be desired, procure from the United States Gov-

ernment, or any of its agencies set up for the purpose of lending money under any plan for the lending of sums for public construction, such sums as said Government, or its agencies, may lend or advance, provided said loan shall not exceed one hundred fifty thousand ($150,000.00) dollars, for the purpose of erecting buildings or beautifying or improving the grounds, or repairing, remodeling, or reconstructing the grandstand, race-tracks, or any part or portion of the property covered by the lease between the City of Atlanta and the said Southeastern Fair Association; and said City of Atlanta, acting through its proper governing authorities, may pledge all of the income received from the buildings, or the income received from the entire property covered by its lease with the Southeastern Fair Association, for the repayment of sums so loaned or advanced by said Government, or its agencies, said city acting for this purpose either jointly with the Southeastern Fair Association, or acting alone, it first having contracted with said Southeastern Fair Association to this effect. It is intended hereby that the income only shall be pledged, and in no event shall any part of the property be pledged." Ga. L. 1935, p. 882.

1. This amendment to the municipal charter contemplates a loan of money (not to supply a casual deficiency or to meet current expenses) to be payable by the city after the year in which the loan should be made, and a pledge of municipal assets consisting solely of income derivable under the lease for repayment of the loan, without submitting the question of making the loan to the qualified voters of the municipality at an election held for that purpose. In the absence of such an election the city could not pledge its good faith for repayment of the loan. *Renfroe* v. *Atlanta,* 140 *Ga.* 81, 95 (78 S. E. 449, 45 L. R. A. (N. S.) 1173); see also *Byars* v. *Griffin,* 168 *Ga.* 41 (147 S. E. 66). Nor, upon the principle of the cases cited, could the city pledge for such purpose municipal income derivable under the lease. The making of a loan in the circumstances stated will create a debt. The fact that the city might not be generally bound for the debt beyond the assets pledged for its repayment would not change the character of the loan and prevent it from constituting a debt.

2. The meaning and object of the charter amendment stated above renders it obnoxious to article 7, section 7, paragraph 1,

of the constitution of Georgia (Code of 1933, § 2-5501), declaring "that no municipality shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per cent. of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof, at an election for that purpose, to be held as may be prescribed by law." *Renfroe* v. *Atlanta,* supra. The case differs from *State* v. *Regents,* 179 *Ga.* 210 (175 S. E. 567), in which under the act creating it the Board of Regents differed in character and powers from the City of Atlanta under its charter, as pointed out in the decision in that case distinguishing the case of *Renfroe* v. *Atlanta,* supra. The case also differs from *Williams* v. *McIntosh County,* 179 *Ga.* 735 (177 S. E. 248), which did not properly attack validity of the statutes there involved. The case also differs from *Wright* v. *Hardwick,* 152 *Ga.* 302 (109 S. E. 903), in which the transaction in question was a discount of warrants drawn by the State on specific funds, which was held to be without recourse against the State and to amount to a sale rather than creation of a debt by the State. The amendment to the charter of the City of Atlanta being violative of the above provision of the constitution was void, and consequently did not confer upon the city power to make a loan separately or in conjunction with the Southeastern Fair Association for the purposes and to be repaid as outlined in the amendment.

3. In a suit by citizens and taxpayers to enjoin the city and the Southeastern Fair Association from making a loan of the character hereinbefore mentioned, the judge erred in sustaining a general demurrer to the petition, and in refusing to grant an injunction. *Judgment reversed. All the Justices concur.*